# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# At Alexandria

| | | |
|---|---|---|
| In Re: | : | |
|    **X K SPORTS, LLC** | : | Case No. **16-11220** |
|    Debtor | : | Chapter 11 |
| **X K SPORTS, LLC** | : | |
|    Debtor/Movant | : | |
| | : | |
| v. | : | |
| | : | |
| **LUQUN LIU** | : | |
| 43096 Unison Knolls Cir. | : | |
| Ashburn, VA 20148 | : | |
|    Respondent | : | |

## COMPLAINT TO SET ASIDE A DEED OF TRUST
## HELD BY CREDITOR LUQUN LIU
## AS PREFERENTIAL

Comes now Debtor by undersigned legal counsel and moves this honorable Court to pass an Order setting aside a deed of trust as a preferential transfer as follows:

1. Debtor commenced this case on April 5, 2016.

2. A proceeding to determine, avoid or recover preferential transfers is a core proceeding and this adversary proceeding constitutes a core proceeding pursuant to 28 USC §§157(b)(2)(F) and 1334.

3. By deed dated May 13, 2011, the Debtor acquired title to the premises commonly known as 21586 Atlantic Blvd., Suite 130, Sterling Virginia. A copy of this deed is attached hereto as Exhibit A.

4. This deed was recorded among the land records of Loudoun County, Virginia on June 1, 2011.

5. By Deed of Trust dated August 27, 2013, the Debtor granted a security interest to creditor Luqun Liu. A copy of this Deed of Trust is attached hereto as Exhibit B, and a copy of the note secured by this Deed of Trust is included in this Exhibit.

6. Said Deed of Trust was recorded among the land records of Loudoun County, Virginia on January 13, 2016.

7. Section 547(b) of the Bankruptcy Code provides that, with certain exceptions not material, the trustee may avoid any transfer of any interest of the debtor in property:

(1) to or for the benefit of a creditor;

(2) for or account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) (A) made on or within 90 days before the date of the filing of the petition;

(5) that enables such creditor to receive more than such creditor would receive if

    (A) the case were a case under Chapter 7 of this title;

    (B) the transfer had not been made; and

    (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

8. The Deed of Trust referenced herein constitutes a transfer of an interest in property which benefits creditor Luqun Liu.

9. The Deed of Trust was made and delivered for or on account of a disputed antecedent debt owed to said creditor before the Deed of Trust was delivered and recorded.

10. At the time the Deed of Trust was recorded, the Debtor was insolvent. Debtor is

presumed to have been insolvent during the 90-day period which preceded the filing of this case. §547(f).

11. In addition, on the date that the Deed of Trust was delivered to the creditor, the Debtor was insolvent.  The Debtor at the time was renting out space to fitness educators.  The rent did not cover the payments on the Middleburg Bank mortgages, which were serviced by Debtor out of other resources.

12. The Deed of Trust was recorded 83 days prior to the commencement of this case, and so the transfer was made on or within 90 days before the filing date of the petition.

13. If the Deed of Trust is enforced, it would permit creditor Luqun Liu to receive more than she would have received if the case were commenced under Chapter 7 of this title, if the transfer had not been made, and, if the debt secured by the Deed of Trust is treated as a general unsecured claim, this creditor will receive a payment on her debt to the extent provided under the Bankruptcy Code.

14. Debtor obtained an appraisal of the subject premises which is attached hereto as Exhibit C.  That appraisal shows a value of the subject premises between $1,309,000 and $1,322,644.  The subject premises burdened by a deed of trust recorded on or about August 3, 2005 as instrument no. 200508040086750 with the original balance due of $757,000 and by a deed of trust recorded October 24, 2011 as instrument no. 201110250065297 in the original balance due of $736,000 both in favor of Middleburg Bank.  Both of these instruments were recorded among the land records of Loudoun County, Virginia.

15. With respect to these deeds of trust, $554,821.59 is due with respect to the earlier deed of trust (per proof of claim no. 2) and $571,7340.04 is due with respect to the later deed of

trust (per proof of claim no. 3), for a total secured claim due to Middleburg Bank in the amount of $1,126,555.63.

16. In addition, there is due as a secured claim a debt to the County of Loudoun, Virginia for property taxes on the subject premises in the amount of $34,292.13 (proof of claim no. 1).

17. Accordingly, the equity of the Debtor in the subject premises is computed as follows:

| | |
|---|---|
| Property Value | $1,309,000.00 |
| Minus Middleburg Bank liens | ( 1,126,555.63) |
| Minus Property Taxes | (    34,292.13) |
| Equity | $   148,152.24 (lower equity value) |
| | |
| Property Value | $1,322,644.00 |
| Minus Middleburg Bank liens | ( 1,126,555.63) |
| Minus Property Taxes | (    34,292.13) |
| Equity | $   161,796.24 (higher equity value) |

18. If creditor Luqun Liu is treated as a secured creditor under the preferential Deed of Trust as alleged herein, she will receive between $148,152.24 and $161,796.24 as a secured claimant in this case.

19. If this creditor's preferential deed of trust is avoided, she will share in a distribution with the general unsecured creditors and receive less than she would have received if the preferential transfer created by the Deed of Trust is not set aside.

20. Eagle Bank has filed a proof of claim in the amount of $1,238,541.79 as a general unsecured creditor based on a guarantee of a debt of another of Debtor's companies, Loudoun Gymnastics, Inc. This creditor and other administrative claims will be prejudiced by the preferential treatment of the debt of creditor Luqun Liu.

**WHEREFORE**, Debtor requests this honorable Court to set aside the secured claim of Luqun Liu based on the Deed of Trust which was recorded among the land records of Loudoun

County, Virginia on January 13, 2016 as a preference, and to allow the claim of this creditor as a general unsecured claim, subject to any dispute to this claim in which Debtor may prevail.

        Respectfully submitted,

        */s/ Thomas F. DeCaro, Jr.*
        Thomas F. DeCaro, Jr. #34649
        Attorney for Debtor
        14406 Old Mill Rd. #201
        Upper Marlboro, MD 20772
        301-464-1400 phone
        301-464-4776 fax
        tfd@erols.com   E-mail

## CERTIFICATE OF SERVICE

I, Thomas F. DeCaro, Jr. do hereby certify that on October 3, 2016, I did mail, postage prepaid, a copy of the aforegoing Adversary Proceeding to Set Aside Deed of Trust to:

John Conor
Suite 310
1033 North Fairfax St
Alexandria, VA 22314
*via CM/ECF*

Bradley D. Jones
Office of the US Trustee
Room 210
115 S. Union St.
Alexandria, VA 22314
*via CM/ECF*

Daily Law PC
10964 Inspiration Point Place
Manassas, VA 20112

County of Loudoun Virginia
attn: Belkys Escobar, Asst. Co. Atty.
1 Harrison St. SE
Leesburg, VA 20175

Eagle Bank
c/o Stephen A. Metz
Shulman, Rogers, Gandal, Pordy & Ecker PA
6th Floor
12505 Park Potomac Ave.
Potomac, MD 20854

Luqun Liu
43096 Unison Knolls Cir.
Ashburn, VA 20148

Luquin Liu
19112 Jingsh Road
102 Building 9 106 Catoctin Circle
Jinan, China

*/s/ Thomas F. DeCaro, Jr.*
Thomas F. DeCaro, Jr.